UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BARNEY,

      Plaintiff,                                    Case No. 07-14818

v.                                                Denise Page Hood
                                                   U.S. District Judge

CARMEN PALMER, et al,

                                                   Michael Hluchaniuk
      Defendant.                               U.S. Magistrate Judge

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO CHANGE VENUE**

**I.     PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the State of Michigan, filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on November 8, 2007. (Dkt. # 1). He claims that defendants were deliberately indifferent to his serious medical needs in violation of the United States Constitution. *Id*.

Plaintiff alleges that venue in proper in the Eastern District of Michigan because he is currently incarcerated in a prison in Lenawee County, which is located within this district. *Id*. at ¶ 3. Plaintiff alleges that the incident that is the basis of his complaint occurred at a prison (Riverside Correctional Facility) located

in Ionia County. *Id*. at ¶ 4. Plaintiff alleges that defendant Palmer is employed at the Riverside Correctional Facility. *Id*. at ¶ 5. Plaintiff alleges that defendants Meyer, Pramstellar, Pandya, Saladin, Sherry, DeGraaf, Doe, Hutchinson all work at the Riverside Correctional Facility in Ionia and are employed by defendant CMS. *Id*. at ¶¶ 6-9.

Defendants Palmer, Saladin, DeGraaf, Pandya, and Pramstellar (the MDOC defendants) filed a motion to change venue under 28 U.S.C. § 1404 alleging that most, if not all, defendants are located in the Western District of Michigan and that the incident that gives rise to this complaint occurred in the Western District. (Dkt. # 24). Thus, according to the MDOC defendants, this Court should, in the interests of justice and convenience of the parties, transfer this matter pursuant to § 1404.

It appears that the motion to change venue filed by defendants (Dkt. # 24) can be decided without further information or arguments from the parties and, based on the submissions of the parties, **IT IS RECOMMENDED** that defendants' motion to transfer venue to the Western District of Michigan be **GRANTED** for the following reasons.

## II. DISCUSSION

Defendants have moved to transfer this matter under 28 U.S.C. § 1404, which permits the court to transfer a matter to another district in which it could have been brought for the convenience of the parties. Section 1404 only permits

transfer when venue is proper in the transferor court, here, the Eastern District of Michigan. *See, Pikas v. Williams Companies, Inc.*, ___ F.Supp.2d ___, 2008 W.L. 373619, *7 n. 4 (S.D. Ohio 2008). It is well established that the transfer of venue is a matter with the sound discretion of a district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955). A motion for transfer of venue is not required, and the court may enter an Order *sua sponte*. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

As the United States Supreme Court has explained, there is a difference between § 1404, under which defendants moved, and 28 U.S.C. § 1406,[1] which permits transfer to a proper venue when venue was improperly laid in the first instance:

> For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses,

---

[1] It is unclear why defendants did not move to transfer venue under § 1406. The moving defendants have not yet filed an answer to the amended complaint. Rather, they filed the instant motion and a separate motion for summary judgment. (Dkt. # 24, 26). Thus, there is no suggestion that the defense of improper venue may have been waived. The non-moving defendants raised improper venue as an affirmative defense in response to plaintiff's amended complaint. (Dkt. # 19, p. 4, ¶ 26). Regardless, § 1406 specifically provides that the district court may act to transfer a matter even if a "party...does not interpose [a] timely and sufficient objection to venue." 28 U.S.C. § 1406(b). Thus, waiver of this defense is not an issue.

> in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *cf.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, ___ U.S. ___, 127 S.Ct. 1184, 1190-1191 (2007). In short, transfer under § 1404 is from proper district to proper district and transfer under § 1406 is from improper district to proper district. As discussed below, in this case, transfer is likely more appropriate under § 1406 than § 1404 because the Eastern District does not appear to be a proper venue. Thus, the undersigned recommends transferring this matter pursuant to § 1406. However, should the District Court conclude that the Eastern District is a proper venue, the undersigned recommends transferring this matter pursuant to § 1404 for the convenience of the parties and in the interests of justice.

Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Public officials "reside" in the county in which they serve for purposes of venue in a suit challenging official acts. *Wichert v. Caruso*, 2007 W.L. 2904053, *3 (W.D. Mich. 2007), citing, *Butterworth v. Hill*, 114 U.S. 128, 132 (1885), and *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.), cert. denied, 411 U.S. 964 (1973). In this case, according to the complaint, all

defendants "reside" in Ionia, Michigan, which lies in Ionia County.  In addition, plaintiff's allegations against all defendants arose in Ionia County, where all defendants allegedly committed the acts giving rise to this case.  *Wichert*, at *3, citing, Leroy *v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  Ionia County is located in the Western District of Michigan.  28 U.S.C. § 102(b).  In these circumstances, venue is proper only in the Western District.  Consequently, the undersigned recommends that the case be transferred to the Western District, pursuant to § 1406, where venue is proper.

As the moving defendants point out, while plaintiff's complaint makes vague references to incidents that appear to have occurred at his current location in Lenawee County after he transferred from the Riverside Correctional Facility, these allegations do not seem to form the basis of his complaint.  (Dkt. # 24, p. 1).  However, should the District Court conclude that the Eastern District is a proper venue, in the alternative, the undersigned recommends that, pursuant to § 1404, this matter be transferred to the Western District of Michigan for the convenience of the parties and in the interests of justice, given that all the named defendants reside in Ionia County, where all defendants alleged committed the acts at issue.

### III.  RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that defendants' motion to change venue be **GRANTED** and that this matter be transferred to the Western District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed twenty (20) pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue

contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: May 13, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 13, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, David B. Mammel, and Clifton B. Schneider, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Charles Barney, #574515, Parr Highway Correctional Facility, 2727 East Beecher Street, Adrian, MI 49221.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov