# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES BARNEY,

    Plaintiff,                                         No. 07-14818
                                                     HONORABLE DENISE PAGE HOOD

v.

CARMEN PALMER, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION & TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF MICHIGAN

**I.    BACKGROUND FACTS**

Plaintiff filed this *pro se* action on November 8, 2007. Plaintiff is currently an inmate in the custody of the Michigan Department of Corrections ("MDOC"). The Amended Complaint alleges deliberate indifference and denial of adequate medical care in violation of the Eighth Amendment to the United States Constitution. The Amended Complaint makes allegations against two sets of defendants. The first group of defendants includes Carmen Palmer, Julie Saladin, David DeGraaf, Haresh Pandya, and George Pramstaller ("MDOC Defendants"). The second group of defendants includes Correctional Medical Services, Inc., Craig Hutchinson, Christine Meyer, and Brendan Sherry ("Medical Defendants").

1

This action is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation ("R & R") [Docket # 27, filed May 13, 2008], which recommends that the MDOC Defendants' Motion to Change Venue [Docket # 24, filed April 22, 2008] be granted. Plaintiff has not filed an objection to the R & R.

## II. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. ANALYSIS

Plaintiff alleges that venue is proper in the Eastern District of Michigan, as he is currently incarcerated at the Parr Highway Correctional Facility in Lenawee County, Michigan. (Am. Compl. ¶¶ 3, 4.) Lenawee County sits within the Eastern District of Michigan. 28 U.S.C. § 102(a). Plaintiff alleges that he was incarcerated at the Riverside Correctional Facility in Ionia County, Michigan ("RCF") during the events described in the Amended Complaint. (*Id.* at ¶ 4.) Ionia County sits within the Western District of Michigan. 28 U.S.C. § 102(b).

The MDOC Defendants move to transfer venue under 28 U.S.C. § 1404, arguing that the Court should transfer this case to the Western District of Michigan for the convenience of the

parties, as most of Defendants appear to reside in the Western District. (MDOC Defs.' Mot. at 2.) Defendants also claim that all interactions between Plaintiff and Defendants occurred in the Western District. (*Id.*)

The R & R concludes that a transfer of venue to the Western District of Michigan is proper. (R & R at 5.) Although the MDOC Defendants' Motion references § 1404, the R & R concludes that transfer is more appropriate under § 1406, because the Eastern District does not appear to be a proper venue, and because a court may sua sponte transfer venue. (*Id.* at 4 (citing *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).) The Court agrees.

Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Public officials "reside" in the county in which they serve for purposes of venue in a suit challenging official acts. *Wichert v. Caruso*, 2007 WL 2904053, *at 3 (W.D. Mich. Oct. 2, 2007).

Here, Plaintiff has not demonstrated that venue is proper within this District. Defendants reside in Ionia County, Michigan, where they all work at the RCF and are employed by Defendant Correctional Medical Services. (Am. Compl. ¶¶ 6-9.) Further, the events that give rise to this case transpired in Ionia County. Accordingly, this matter is transferred to the Western District of Michigan pursuant to § 1406.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation [Docket # 27] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Defendants' Motion to Change Venue.

IT IS FURTHER ORDERED that Defendants' Motion to Change Venue [Docket # 24] is **GRANTED**.

IT IS FURTHER ORDERED that this case is transferred to the Western District of Michigan.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

Charles Barney #574515
PARR HIGHWAY CORRECTIONAL FACILITY
2727 EAST BEECHER ST.
ADRIAN, MI 49221

on July 22, 2008, by electronic and/or ordinary mail

        s/Lisa Ware for William F. Lewis
        Case Manager